```
          IN THE UNITED STATES DISTRICT COURT
            FOR THE DISTRICT OF MARYLAND
```

                                        :
RONALD CEZAIR
                                        :
    v.                                  :  Civil Action No. DKC 13-2928
                                        :
JPMORGAN CHASE BANK, N.A., et al.
                                        :

**MEMORANDUM OPINION**

Plaintiff Ronald Cezair filed a motion for reconsideration of the August 29, 2014 order denying motions to dismiss earlier filed by Defendants. (ECF No. 43). The court now rules, no hearing being deemed necessary. Local Rule 105.6. For the following reasons, the motion will be denied.

Although Plaintiff's motion was titled "motion to alter or amend," it is not governed by Rule 59(e) ("Motion to Alter or Amend a Judgment") because the order denying Defendants' motions to dismiss was an interlocutory order rather than a judgment. It is well-established that the appropriate Rule under which to file motions for reconsideration of an interlocutory order is Rule 54(b). *See Fayetteville Investors v. Commercial Builders, Inc.*, 936 F.2d 1462, 1469-70 (4th Cir. 1991). Rule 54(b) provides that "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties ... may be revised at

any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R.Civ.P. 54(b). In the United States Court of Appeals for the Fourth Circuit, the precise standard governing a motion for reconsideration of an interlocutory order is unclear. *Fayetteville Investors,* 936 F.2d at 1472. While the standards articulated in Rules 59(e) and 60(b) are not binding in an analysis of Rule 54(b) motions, *Am. Canoe Ass'n*, 326 F.3d at 514, courts frequently look to these standards for guidance in considering such motions. *Akeva, LLC v. Adidas Am., Inc.,* 385 F.Supp.2d 559, 565-66 (M.D.N.C. 2005).

> Public policy favors an end to litigation and recognizes that efficient operation requires the avoidance of re-arguing questions that have already been decided. Most courts have adhered to a fairly narrow set of grounds on which to reconsider their interlocutory orders and opinions. Courts will reconsider an interlocutory order in the following situations: (1) there has been an intervening change in controlling law; (2) there is additional evidence that was not previously available; or (3) the prior decision was based on clear error or would work manifest injustice.

*Id.* (citations omitted); *see also Beyond Sys., Inc. v. Kraft Foods., Inc.,* No. PJM-08-409, 2010 WL 3059344, at *1-2 (D.Md. Aug.4, 2010) (applying this three-part test when evaluating a motion for reconsideration under Rule 54(b)). Importantly, a motion for reconsideration under Rule 54(b) may not be used

merely to reiterate arguments previously rejected by the court. *Beyond Sys., Inc.*, 2010 WL 3059344, at *2.

Here, Plaintiff seeks reconsideration on the basis that one of the court's findings constitutes a clear error of law. He takes issue with the court's determinations that Plaintiff's September 25, 2012 and August 1, 2013 letters were not Qualified Written Requests ("QWR") under the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2605(e). (ECF No. 40, at 21-22). Specifically, Plaintiff argues that the court's finding that "requesting a copy of the note was not related to the servicing of the loan" is a clear error of law, because "requesting a copy of the Note pertained to JPMC's authority to collect payment, which is the primary function of a servicer." (ECF No. 43, at 1). Plaintiff concludes that his letters requesting a copy of the Note constitute QWR's because the purpose of these letters was "to determine whether JPMC was a 'holder' or otherwise entitled to receive payment." (*Id.*).

A Rule 54(b) motion may not be used to rehash previously rejected arguments, which is precisely what Plaintiff attempts to do in his motion. Plaintiff's conclusory assertion that his letters were QWRs because they "related to the servicing of the loan" is unavailing. Plaintiff provides no legal authority that supports his argument that a borrower's letter requesting a copy

3

of a note constitutes a QWR under RESPA.[1] Plaintiff has not shown that the undersigned's findings regarding his September 2012 and August 2013 letters were clearly erroneous, warranting reconsideration.

For the foregoing reasons, Plaintiff's motion for reconsideration will be denied. A separate order will follow.

/s/
DEBORAH K. CHASANOW
United States District Judge

---

[1] Plaintiff cites the Maryland Code, Commercial Law § 1-201(20) (definition of "holder" of a negotiable instrument) and § 3-301, which describes the persons entitled to enforce negotiable instruments. Although these provisions are relevant in deciding who may enforce a Note under Maryland law, they do not change the fact that "a request to verify the 'holder' of a note is outside the scope of information required by RESPA to constitute a QWR." *In re McGinley*, 490 B.R. 723, 728 (Bankr.D.Md. 2013). Thus, these provisions do not Support Plaintiff's argument. Plaintiff also cites *Bravo v. MERSCORP, Inc.*, No. 12-CV-884 (ENVV) (LB), 2013 WL 1652325, at *3 (E.D.N.Y. Apr. 16, 2013), a case referenced by the court in the August 29, 2014 opinion which actually supports that requests seeking documentation to "verify the loan" are not QWRs.